SANDERS, Chief Justice.
Universal C.I.T. Corporation, a finance company, brought this action to recover sums due on two notes. A. K. Porter, one of the defendants, was cast in judgment by the trial court as a guarantor or surety of these obligations, and that judgment was affirmed by the First Circuit Court of Appeal, 264 So.2d 281. We granted certiorari at 262 La. 1103, 266 So.2d 424 (1972) in order to review the determination that the notes at issue fell within the scope of the letter of guaranty upon which Porter was held liable. We hold that they do not.
Beginning in 1965, Universal C.I.T. provided financing for the new and used car operations of Love Motor Co., Inc. in Baton Rouge. The letter of guaranty which Porter signed was executed in favor of Universal C.I.T., guaranteeing the payment of all obligations of Love Motor Co., Inc., the corporate dealer.
The letter of guaranty read in pertinent part:
“Each of us requests you to extend credit to, make advances under wholesale floor plan arrangements or otherwise, purchase notes, conditional sale contracts, chattel mortgages, bailment leases or other obligations, herein generally *183 termed ‘paper,’ from, or otherwise to do business with, or to renew or to extend any obligation of, or to forbear for any period of time the strict enforcement of any obligation of, the above named Dealer, hereinafter called DEALER, and to induce you so to do and in consideration thereof and of benefits to accrue to each of us therefrom, each of us as a primary obligor jointly and severally and unconditionally guarantees to you
that Dealer will fully, promptly and faithfully perform, pay and discharge all Dealer’s present and future obligations to you; and agrees, without your first having to proceed against Dealer or to liquidate paper or any security therefor, to pay on demand all sums due and to become due to you from Dealer and all losses, costs, attorneys’ fees or expenses which you may suffer by reason of Dealer’s default; . . ” [Italics ours].
By special endorsement, the guaranty was limited to “dealers obligation arising out of wholesale floor plan arrangements, salesman demos and employee accounts.”
Each, of the two notes for which the surety was held was captioned “Rewrite Note.” One was subscribed by J. W. Love, Charles B. McCollister, and Robert E. Love; the other, by Robert E. Love and Charles' B. McCollister. Both were payable to the order of Universal C.I.T. The Rewrite Notes, admittedly, derived from original notes executed by J. W. Love, Robert E. Love, and Charles B. Mc-Collister in favor of Love Motor Co., Inc., in consideration for the sale from the dealer to these individuals of demonstrator automobiles. Love Motor Co., Inc., therefore, was the payee, not the maker of the original notes. The dealer then sold these notes to Universal C.I.T., but when it did so, it negotiated them without recourse. Thus, Love Motor Co., Inc., was, at no time, an obligor on either note.
The Court of Appeal correctly noted that, on the record, the notes “were generated in the operation of the business. . ” To bring them within the guaranty on that basis alone, however, offends the basic principles of suretyship set forth in the Louisiana Civil Code.
Article 3039 of the Louisiana Civil Code provides that the obligation of the surety is stricti juris and is to be restrained within the limits of the contract. Article 3035 makes it clear that suretyship is an accessory obligation:
"Suretyship is an accessory promise by which a person binds himself for another already bound, and agrees with the creditor to satisfy the obligation, if the debt- or does not.”
Since the dealer negotiated the original notes without recourse, no obligation arose to which the guaranty could attach. The dealer likewise had no liability as to the Rewrite Notes. Hence, the extension of the guaranty, beyond its terms, to cover the payments of these notes is unwarranted.
For these reasons, the judgment appealed from is reversed and the suit is dismissed at plaintiff’s costs.